**BILEK, Appellee-Claimant, and SCANLON, Admr., BUREAU OF WORKMEN'S COMPENSATION, Appellee-Administrator, v. CLEVELAND (City), CLEVELAND TRANSIT SYSTEM, Appellant-Employer**

Common Pleas Court, Cuyahoga County.

No. 678780. Decided March 14, 1956.

108

Shapiro, Kendis & Petro, Cleveland, for appellee-claimant Bilek.
Robert F. Mooney, Cleveland, for appellant-Employer Transit System.

## OPINION

By FULTON, J:

The present question arises in an employee-appeal from the Industrial Commission.

The employer filed a notice of appeal purportedly conformable to the provisions of §4123.51 R. C. The notice of appeal set forth the names of the claimant, the administrator and the employer, the number of the claim and the fact that an appeal was taken.

The notice stated that the appeal is "from an **order** of the Industrial Commission dated October 11th, 1955." The statute requires that "the date of the **decision** be set forth."

The employee requests that the notice of appeal be made definite and certain by setting forth the date of the last hearing of the Industrial Commission, to-wit, October 3rd, 1955, together with the order as made on said date.

Should this motion be granted or denied?

At first blush the conclusion is readily reached that a notice of appeal is not subject to such motion. The answer, however, is not so easy. It becomes necessary, in reaching the answer, to consider the appellate procedure in Workmen's Compensation cases under the old law and under the new law.

The old law (§4123.51 R. C.) provided for an appeal by an employee only. Such appeal came after a rehearing and was later determined upon the record of that rehearing. The appeal was required to be filed "within sixty days after receipt of notice of such **action** of Commission." It was effected by filing "a **petition** in the Court of Common Pleas" and upon which "summons shall be issued to the Commission and also to the Attorney General" or "to such employer" if the latter be a "self insurer."

The issues were then made by filing an answer to the petition; and "within ten days after" filing the answer a "transcript of * * * such rehearing" before the Commission should be filed. The case then was determined upon the rehearing record only, less elimination of received incompetent evidence or plus receipt of previously eliminated evidence.

Beyond the foregoing the old law provided that "further pleadings shall be had in accordance with the rules of civil procedure."

The new law, §4123.51 R. C., became effective October 5th, 1955. It allows an appeal to the Common Pleas Court from a "decision" (as distinguished from "action") of either the Industrial Commission or of "a regional Board" from which an appeal to the Commission has been refused by the latter. Such appeal to the Court shall be commenced, if

not also effected, by notice of appeal which shall state "names of claimant and the employer, the number of the claim, the date of the decision appealed from and the fact that the appellant appeals therefrom."

The notice of appeal in this case covers all required factors except date of decision. Instead it recites the date of an or the "order" appealed from.

After notice of appeal is received by the Commission the latter causes notice to be given "to all parties who are appellees." Thereafter "Further proceedings shall be had in accordance with the rules of civil procedure" (as distinguished from the old law which recites "further pleadings shall be had in accordance with the rules of civil procedure;") and the Court, if a jury is not demanded, or the jury, if demanded, shall determine claimant's rights of participation in the fund.

The foregoing procedure under the new law applies to all decisions made after October 5th, 1955, the effective date of this amended law.

The foregoing appeal procedure also applies to claims pending before the Commission upon rehearing on October 5th, 1955.

Claims denied "within 30 days prior to" October 5th, 1955, shall be deemed pending on appeal under §4123.516 R. C. to either the Workmen's Compensation or to a regional Board of Review, and the Commission's decision thereon may be appealed to the Court.

Any claim pending on rehearing before the Commission shall be deemed to be pending before the Commission on appeal under §4123.516 R. C. from which presumably an appeal may be taken to Court.

Any appeal pending in the Common Pleas on appeal under the old law and any "claim * * * denied within 60 days" before October 5th, 1955, "shall not be affected by the repeal" of the old appeal section. Conversely, the old section respecting appeals applies in these situations.

Summarizing, it may be stated that appeals—

I. Under the old law may be taken to the Court—

1. If done by employee claimant only;

2. If a rehearing precedes the Court appeal;

3. If effected by—

a. The filing of a petition;

b. Transcript of rehearing proceedings;

4. If the appeal hearing is conducted—

a. Upon the pleadings and such "further pleadings" which shall be "in accordance with the rules of civil procedure."

b. And upon evidence, plus or minus that received or not received; contained in the transcript but not supplemented by additional oral evidence.

5. If the cases were pending on appeal on October 5th, 1955, or if a claim had been denied upon rehearing within 60 days prior to October 5th, 1955.

II. Under the new law appeals may be taken to Court—

1. In cases decided after October 5th, 1955; upon claims pending on or filed after October 5th. 1955; and upon claims which have been denied by the Commission within 30 days before October 5th, 1955, regardless of whether rehearing has been requested.

2. By either employee or employer (Commission):

3. Via intermediate appeal, in some cases through the Regional Board of Review;

4. Upon filing of a notice of appeal (rather than a petition);

5. The appeal hearing is conducted—

a. Upon notice of appeal (no provision is made for pleadings);

b. Upon evidence adduced de novo in accordance with rules of civil procedure.

What does the expression in the new law "in accordance with the rules of civil procedure" mean? Does it include pleadings? Since the new law does not refer to "pleadings in accordance with the rules of civil procedure" as in the old law, but refers only, after notice of appeal, to further proceedings in accordance with the rules of civil procedure, it appears to follow that the notice of appeal is the only pleading, so-called, and that thereafter the trial shall be in accordance with the rules of civil procedure (i. e., not on a transcript of oral testimony and of other evidence).

Parenthetically speaking, an employee on appeal might supply a petition. What, however, may an employer or the Commission supply? A pleading-answer is of value only if there is a pleading-petition to which there needs to be a response. An employer never would be permitted to furnish the petition or complaint for the employee.

It seems, therefore, that the legislature intentionally omitted reference to and the need for any pleadings beyond or after notice of appeal in connection with the appeal under the new law.

Furthermore pleadings are contained in a chapter (§2309 et seq. R. C.) separate from evidence (§2317 R. C.) or trial procedure. (§2315 et seq. R. C.)

Whether the rules of civil procedure encompass pleadings and evidence, parties, etc., or only trial procedure under §2315 R. C., may be generally debatable.

It would appear therefore that the notice of appeal is the only paper essential to bring the case to the Common Pleas Court for hearing in accordance with "trial procedure" and now used by the writer as synonymous with civil procedure. If this conclusion is correct, then after the employer, as in this case, files his notice of appeal, he will be required at trial to produce his evidence first, because §2315.01 (C) R. C., provides that "the party who would be defeated if no evidence were offered on either side, first, must produce his evidence, and then the adverse party must then produce his evidence.

The notice of appeal is the only pleading in this case. It recites an appeal "from an order" rather than from "the decision" of the Industrial Commission and fixes the date as October 11, 1955.

The motion of claimant-appellee in the form and substance as presented, is denied; but, the motion in substance is granted. The appellant will be required in his order to state the date upon which the decision was made from which the appeal was made; and the appellant will be allowed to substitute in the notice of appeal the words "the decision" for the words "an order."

The effort has been to construe §4123.51 R. C., to make it operative and carry out the general objective of appeals to the Court by em-

ployers (Commission) as well as employees. Trial courts over the state should adopt rules for pleadings within a stipulated time after the filing of the notice of appeal.

Unfortunately these new provisions for appeal are in many respects vague and indefinite. The reviewing courts on proper presentation of the question might reach the conclusions §4123.51 R. C., is so vague and indefinite as to be inoperative and unconstitutional.